UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCE CABRERA and JOAQUIN GARCIA-POLA,

    Plaintiffs,

v.                                    Case No: 2:13-cv-666-FtM-38DNF

MGA INSURANCE COMPANY, INC.,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on the Defendant, MGA Insurance Company, Inc.'s Motion to Dismiss the Amended Complaint (Doc. #19) filed on November 26, 2013. The Plaintiffs filed their Response in Opposition (Doc. #20) on December 6, 2013. The Motion is now ripe for the Court's review.

## FACTS

This case arises out of an automobile accident that occurred on September 13, 2003. (Doc. #18, ¶ 5).[2] The Plaintiffs were involved in an accident with Helena Jimmie, who was insured by MGA Insurance. The Plaintiffs state as a result of the accident they

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] The Defendants, in their Motion to Dismiss, state the accident occurred on September 9, 2003, which would be prior to Jimmie being covered by the MGA policy. (Doc. #19, ¶ 2). The Amended Complaint list the day of the accident as September 13, 2003, the day the MGA policy was issued. (Doc. #18, ¶ 5). The Court will use the September 13, 2003, date as the date of the accident since that is the date in the Amended Complaint.

sustained significant personal injuries as well as property damage. On September 13, 2003, the Defendant MGA issued an insurance policy providing coverage for Jimmie. On November 10, 2003, Plaintiffs filed a claim with MGA, for the injuries they sustained in the accident with Jimmie. MGA denied the claim stating that Jimmie's policy was voided because she falsified information on her application when she first applied for insurance with MGA.

On September 9, 2004, the Plaintiffs filed a personal injury lawsuit against Jimmie in the Circuit Court for the Twentieth Circuit in for Lee County Florida. On October 2, 2009, Judge Joseph Fuller entered a judgment against Jimmie in the amount of $504,644.44. On February 4, 2013, Judge Fuller entered an order on the Plaintiff's Motion for Proceedings Supplementary which assigned all rights Jimmie had under the MGA policy to the Plaintiffs.

On August 15, 2013, the Plaintiffs filed a two count complaint against MGA alleging: Count 1, Declaratory Action for Coverage, and Count II, Breach of Contractual Duty to an Insured. On September 13, 2013, the Defendant MGA removed the case from the Twentieth Judicial Circuit Court to this Court based upon diversity jurisdiction.

The Defendant's filed a Motion to Dismiss Count I based on the expiration of the statute of limitations for bringing the declaratory action. The Plaintiff's then filed the instant Amended Complaint alleging Count 1, Declaratory Action for Coverage, and Count II, Breach of Contractual Duty to an Insured.[3] The Defendant now moves to dismiss the Amended Complaint.

---

[3] The Amended Complaint (Doc. #18) is an exact duplicate of the initial Complaint (Doc. #3) filed on August 15, 2013.

**STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (aboragating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic, 550 U.S. 544, 561- 563.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id. at 555; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, ----- U.S.----, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868 (2009). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is

plausible on its face. Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 129 S. Ct. at 1950). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Simplexgrinnell, L.P. v. Ghiran, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009-1010 (11th Cir. 1992).

## **DISCUSSION**

The Defendant moves the Court to Dismiss the Amended Complaint arguing that under Florida law a claim for bad faith cannot be brought until it is established that the insurer is actually liable for coverage.  The Plaintiff contends the Defendant is arguing based upon the pleadings contained in the initial Complaint (Doc. #3).  Specifically, Plaintiffs argue that the initial claims for a declaratory action for coverage, and a breach of contractual duty to an insured are not the claims before the Court because they filed an Amended Complaint.

Initially, the Court notes the issues regarding coverage are not resolved.  Further, the Amended Complaint is improperly filed as it is the exact same Complaint as originally filed on August 13, 2003.  The Amended Complaint is not sufficient to survive a motion to dismiss regarding the issue of bad faith because the case law is clear that coverage disputes must be resolved before a bad faith action accrues. *See* Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289, 1291 (Fla.1991); OneBeacon Ins. Co. v. Delta Fire Sprinklers, Inc., 898 So.2d 113, 115 (Fla. 5th DCA 2005); General Star Indemnity Co. v. Anheuser-Busch Co., Inc., 741 So.2d 1259, 1261 (Fla. 5th DCA 1999).  Therefore, the Amended Complaint is due to be dismissed.

Accordingly, it is now

**ORDERED:**

The Defendant, MGA Insurance Company, Inc.'s Motion to Dismiss the Amended Complaint ([Doc. #19](Doc. #19)) is **GRANTED**.

(1) The case is **DISMISSED** without prejudice.

(2) The Plaintiffs have up to and including **February 2, 2014**, to file their Second Amended Complaint. Failure to file a Second Amended Complaint on or before February 2, 2014, will result in the case being dismissed with prejudice without further notice.

(3) The Preliminary Pretrial Conference scheduled for Friday, January 24, 2014, is cancelled and will be rescheduled if necessary.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of January, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record