UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCE CABRERA and JOAQUIN
GARCIA-POLA,

        Plaintiffs,

v.                                   Case No:   2:13-cv-666-FtM-38DNF

MGA INSURANCE COMPANY, INC.,

        Defendant.

_____/

## ORDER[1]

      This matter comes before the Court on Defendant MGA Insurance Company's Motion to Dismiss Amended Complaint (Doc. #19) filed on November 26, 2013, and modified on January 29, 2014.  Plaintiffs France Cabrera and Joaquin Garcia-Pola filed their Response in Opposition (Doc. #20) on December 6, 2013.  Thus, the Motion is ripe for review.

## BACKGROUND

      On August 15, 2013, Plaintiffs France Cabrera and Joaquin Garcia-Pola initiated this action in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, by filing a two-count Complaint.  (Doc. #3).  On September 17, 2013, Defendant MGA Insurance Company, Inc. removed the action to this Court.  (Doc. #1).  On

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

November 15, 2013, Plaintiffs requested leave to file an Amended Complaint (Doc. #16), which the Court granted on November 18, 2013.  (Doc. #17).  Plaintiffs filed a two-count Amended Complaint on January 27, 2014 (Doc. #26).[2]

The Amended Complaint alleges that on September 13, 2003, Defendant provided a policy of liability insurance to Helena Jimmie ("Jimmie").  On September 13, 2003, Plaintiffs were involved in a motor vehicle accident caused by Jimmie's negligence.  As a result of the accident, Plaintiffs sustained personal injuries and property damage.  Defendant was presented with Plaintiffs' claim for injuries, but refused to resolve the claim.  Plaintiffs then filed suit against Jimmie in Lee County, Florida, and obtained a judgment for compensatory damages in the amount of $504,644.44 plus interest against Jimmie.

Plaintiffs bring Count I for third party bad faith.  Plaintiffs allege that Defendant was notified of Plaintiffs' claims against Jimmie, but Defendant refused to defend or indemnify Jimmie for the claims.  Plaintiffs allege that Defendant had fiduciary obligations to Jimmie to defend and otherwise handle claims against Jimmie in good faith; to advise Jimmie of settlement opportunities and the potential outcome of litigation; to advise Jimmie of ways and means in which to minimize her liability; and the general duty to treat the claim against Jimmie responsibly and handle the claim as if the carrier was liable for payment of the entire claim.  Additionally, Plaintiffs allege that Defendant had the duty to protect Jimmie's interests and otherwise act with due diligence and good faith in handling the claim against Jimmie.  Plaintiffs allege that

---

[2] Plaintiffs originally filed their Amended Complaint on November 18, 2013; however, the Clerk's Office erroneously re-filed the Original Complaint.  On January 27, 2014, the Court entered an Order directing the Clerk of Court to file the correct Amended Complaint.  Defendant's Motion to Dismiss, originally filed on November 26, 2013, was updated on January 29, 2014, to address the correct Amended Complaint. (Doc. #19).

Defendant failed to protect Jimmie's interests and otherwise handle the claim, and as such, breached its fiduciary duty to Jimmie.   As a result, Plaintiffs allege that Jimmie was damaged in that a judgment was entered against her for $504,644.44, which has been accruing interest.

Plaintiffs bring Count II for bad faith under legal assignment, alleging that subsequent to the entry of the judgment against Jimmie, Plaintiffs were assigned all of Jimmie's rights against Defendant.  (Doc. #26, Ex. C).  Plaintiffs allege damages in the amount of the judgment entered against Jimmie plus the cost of Plaintiffs' attorney fees in bringing the instant action.

Defendant now moves to dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Bedasee v. Fremont Inv. & Loan, 2010 WL 98996 *1 (M.D. Fla. Jan. 6, 2010) (citing Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)); Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed."   James River Ins. Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Twombly, 550 U.S. at 555-56).   The former rule—that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle

them to relief," La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004)—has been retired by Twombly.  James River Ins. Co., 540 F.3d at 1274.  Thus, the Court engages in a two-step approach:  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 129 S. Ct. at 1950.  Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Bedasee, 2010 WL 98996 at *1 (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

## DISCUSSION

Under Florida law, a third-party bad faith claim is used to remedy a situation in which an insured is exposed to an excess judgment because of the insurer's failure to properly defend a claim against the insured.  Macola v. Gov't Employees Ins. Co., 953 So. 2d 451, 458 (Fla. 2006).  Here, Plaintiffs argue that the Amended Complaint states a claim for third party bad faith by alleging coverage under an insurance policy, a determination of liability and the extent of damages in the underlying tort claim, and that Defendant breached its duties to the insured.  Plaintiffs assert that Defendant's Motion to Dismiss relies on certain allegations contained in the original Complaint, which was rendered moot with the filing of the Amended Complaint.  Plaintiffs further argue that if Defendant wishes to raise the issue of coverage, it must do so by filing an Answer and Affirmative Defenses, not a Motion to Dismiss.  Thus, Plaintiffs argue that Defendant's Motion to Dismiss should be denied.

Defendant counters that Plaintiff must have a determination of liability and coverage before filing a bad faith action.  Defendant argues that Plaintiff's original Complaint contained allegations for a determination of coverage as a result of a November 10, 2003 correspondence indicating that Jimmie's policy was void at the time of her accident with Plaintiffs.

Defendant asserts that it met and conferred with Plaintiffs, at which time, Defendant presented Plaintiffs with case law indicating that a determination of coverage would have to be made before Plaintiffs could bring their bad faith claim.  Defendant argues that after Plaintiffs were given this information, Plaintiffs filed an Amended Complaint, intentionally removing all language relating to the requirement for determination of coverage.  Defendant argues that regardless whether a bad faith claim is a first party or a third party action, coverage under an insurance contract is the most critical part of the claim.  Therefore, Defendant argues that because Plaintiffs do not have a determination of coverage, Plaintiffs' bad faith claim is not yet ripe and must be dismissed.

While Plaintiffs' Amended Complaint alleges bad faith insurance coverage under Florida law for failure to defend or indemnify Jimmie, a determination of coverage must have been made in favor of Jimmie before such a claim can be made.  "For both first party and third party bad faith claims against insurers, recent case law has clarified the point that coverage and liability issues must be determined before a bad faith cause can be prosecuted." Gen. Star Indem. Co. v. Anheuser-Busch Companies, Inc., 741 So. 2d 1259, 1261 (Fla. Dist. Ct. App 1999) (citing Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991) ("[A]n insured's underlying first-party action for

insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue.")); Md. Cas. Co. v. Alicia Diagnostic, Inc., 961 So. 2d 1091, 1092 (Fla. Dist. Ct. App. 2007) ("Under Florida law, it is inappropriate to litigate a bad faith claim against an insurer until after any underlying coverage dispute is resolved.  This is premised on the notion that if there is no insurance coverage, nor any loss or injury for which the insurer is contractually obligated to indemnify, the insurer cannot have acted in bad faith in refusing to settle the claim."); Calhoon v. Leader Specialty Ins. Co., No. 2:06-cv-425-FtM-29SPC, 2007 WL 4098840, at *3 (M.D. Fla. Nov. 15, 2007) (quoting Spencer v. Assurance Co. of Am., 39 F.3d 1146, 1149 (11th Cir. 1994)) ("A determination of coverage, therefore, is a condition precedent to any recovery against an insurer. . . . Coverage must be determined before an action for bad faith may proceed.").  The Supreme Court of Florida has held that "in order to state a cause of action for bad faith, [plaintiff] had to allege that there had been a determination of the extent of his damages *covered by the underlying insurance contract.*"  Vest. Travelers Ins. Co., 753 So. 2d 1270, 1274 (Fla. 2000) (emphasis added).  A plaintiff must allege that there has been a determination not only of the amount of damages, but also that the insurance contract actually covered those damages. id.  The rationale behind this rule is that there can be no liability for bad faith settlement of a claim if coverage did not exist in the first place. OneBeacon Ins. Co. v. Delta Fire Sprinklers, Inc., 898 So. 2d 113, 115 (Fla. Dist. Ct. App. 2005) (citing Hartford Ins. Co. v. Mainstream Const. Grp., Inc., 864 So. 2d 1270, 1272 (Fla. Dist. Ct. App. 2004)).  Therefore, before an action for bad faith can be brought, there must be a determination of coverage in favor of the insured.

Plaintiffs do not indicate in their Amended Complaint that a determination of coverage has been made; nor have they attached any documents to their Amended Complaint indicating compliance with this prerequisite.   Therefore, because Plaintiffs have not demonstrated that a determination of coverage has been made in favor of Jimmie, the Court cannot presume that Plaintiffs' bad faith claims are mature. Consequently, because Plaintiffs have not directly pled the prerequisites for filing a bad faith action, Plaintiffs' Amended Complaint is dismissed.

Accordingly, it is now

**ORDERED:**

(1) Defendant MGA Insurance Company's Motion to Dismiss Amended Complaint (Doc. #19) is **GRANTED**.

(2) The Clerk of Court shall enter judgment according, terminate any previously scheduled deadlines and pending motions, and **CLOSE this case**.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of March, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

7